**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EKON OKUDO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. SAG-21-991 |
| | * | |
| FAMILY DOLLAR STORES, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

************

## MEMORANDUM OPINION

Plaintiff Ekon Okudo ("Plaintiff") filed suit against Family Dollar Stores, Inc. ("Family Dollar"), following an incident in which he was not permitted to carry a bag while shopping at Family Dollar store. ECF 2. Currently pending is Family Dollar's motion to dismiss for failure to state a claim, ECF 11. This Court granted Plaintiff an extension of time to respond to the motion, ECF 14, but no response was timely filed by the extended deadline. For the reasons explained below, Family Dollar's motion will be granted.

### I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Complaint, ECF 2, and are taken as true for purposes of this motion. On February 3, 2021, Plaintiff attempted to shop at the Family Dollar retail store on Harford Road in Baltimore, Maryland. Upon Plaintiff's entry into the store, a cashier informed him that he would have to check his personal bag at the door before shopping. Plaintiff noted that several female shoppers were carrying bags, and the cashier replied that women were permitted to carry bags being used as purses. Plaintiff stated that he was using his personal bag as a purse. However, the cashier stated, "Men don't have purses." Both the cashier and a manager told Plaintiff he would have to abide by the policy or leave the premises. Plaintiff alleges that the

incident left him "publicly humiliated and made to feel less than a human based on God granted, unchangeable physical traits." This lawsuit followed.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the

claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."); *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.    ANALYSIS

Plaintiff's Complaint asserts that Family Dollar's discriminatory store policy violated two laws: Title II of the 1964 Federal Civil Rights Act and Maryland State Government Code § 20-304. ECF 2 ¶ 5. Neither claim is viable.

Title II provides "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). The statute specifically defines "place of public accommodation" as "(1) any inn, hotel, motel, or other establishment which

provides lodging. . .; (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises. . . (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself our as serving patrons of such covered establishment."  42 U.S.C. § 2000a(b).

Plaintiff's Complaint specifies that Family Dollar is a retail store.  ECF 2 ¶ 6.  Retail stores are not encompassed in this particular statutory definition of "place of public accommodation." *See, e.g.*, *Newman v. Piggie Park Enterprises, Inc.*, 377 F.2d 433, 436 (4th Cir. 1967), *aff'd*, 390 U.S. 400 (1968) (concluding that retail stores "were excluded from the [Civil Rights] Act" for policy reasons); *Jones v. Brouwer*, No. CV207067MWFPLAX, 2020 WL 7127125, at *3 (C. D. Cal. Oct. 16, 2020) ("This detailed list of establishments does not include retail stores."); *Jackson v. Cititrends Utica, New York*, No. 6:20-CV-14 (GLS/ATB), 2020 WL 3035577, at *4 (N.D.N.Y. June 5, 2020) ("Indeed, case law makes clear that suit may not be brought under 42 U.S.C. § 2000a for discrimination in a retail store.").  Thus, Plaintiff's Title II claim must be dismissed.[1]

Plaintiff's other claim cites Maryland State Code § 20-304.  That statutory provision permits an aggrieved individual to file a complaint with the Maryland Commission on Civil Rights, but not to file a lawsuit in Court.  *See M.R. by & through N.R. v. Tajdar*, Civ. No. TDC-17-3836, 2018 WL 6050888, at *5 (D. Md. Nov. 19, 2018) ("Thus, Maryland anti-discrimination statutes

---

[1] As noted in Family Dollar's motion, Plaintiff's Title II claim suffers from additional deficiencies, in that his Complaint does not allege compliance with required administrative prerequisites and it only alleges facts suggesting gender discrimination, which is not prohibited by Title II.  However, this Court need not reach those issues, since Title II is inapplicable to retail establishments.

do not authorize a private individual to file a civil action in court regarding disability discrimination in public accommodations."); *see also Baker v. Greyhound Bus Line*, 240 F. Supp. 2d 454, 455 (D. Md. 2003) (finding no private right of action for discrimination claim under Maryland Code). Since there is no private right of action, Plaintiff's claim under this provision is inappropriate and must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Family Dollar's Motion to Dismiss, ECF 11, will be granted, although its Motion to Treat Motion to Dismiss as Conceded, ECF 15, will be denied. Plaintiff's claims will be dismissed without prejudice,[2] and this case will be closed. A separate Order follows.

Dated: July 6, 2020

_____/s/_____
Stephanie A. Gallagher
United States District Judge

---

[2] Family Dollar suggests that, as a result of Plaintiff's failure to respond to the motion to dismiss—a failure that came despite his seeking, and obtaining, an extension of time to submit such a response—Plaintiff has "conced[ed] all arguments Defendant presented in its Motion." ECF 15 at 1. Family Dollar relatedly seeks to have Plaintiff's claims dismissed with prejudice. *Id.* at 2. The case law Family Dollar cites in support of this proposition, however, applies when a party responds to *some but not all* arguments raised in a motion to dismiss or motion for summary judgment, such that the court can appropriately infer abandonment of those arguments to which the party fails to respond. Where a party fails to file a response altogether, however, such an inference is more difficult to draw given the lack of comparative evidence of some claims being pursued while others are abandoned. As such, this Court declines to enact a "with prejudice" disposition at this early stage of the litigation, especially given Plaintiff's *pro se* status.